**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **YUSMANY SANTIESTEBAN ACOSTA,**<br><br>***Petitioner,***<br><br>**v.**<br><br>**TODD BLANCHE, U.S. ATTORNEY GENERAL; TODD M. LYONS, ACTING DIRECTOR OF ICE; AND MICHAEL WATKINS, DIRECTOR OR WARDEN,**<br><br>***Respondents.*** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **No. 3:26-CV-01838-LS** |

**ORDER DISMISSING CASE**

Petitioner Yusmany Santiesteban Acosta seeks a writ of habeas corpus under 28 U.S.C. § 2241 ordering his release from custody.[1] However, Petitioner has another habeas petition pending before U.S. District Judge Sharad H. Desai in the District of Arizona.[2] That case is considerably more advanced than this one and addresses Petitioner's same claims. Additionally, Petitioner is represented by counsel in that case. Although Petitioner is currently detained at the ERO El Paso Camp East Montana, that does not mean that the District of Arizona has lost jurisdiction over the case. "[J]urisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change."[3] And "[u]nder the first-to-file rule, when related cases are pending before two federal courts, the court

---

[1] ECF No. 1.
[2] *See Acosta v. Unknown Party et al.*, No. 2:26-cv-00867-SHD-CDB (D. Ariz. Feb. 9, 2026).
[3] *Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990) (quoting *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985)); *see also McClure v. Hopper*, 577 F.2d 938, 939–40 (5th Cir. 1978) ("Jurisdiction attached upon the initial filing for habeas corpus relief. It was not destroyed upon the transfer of petitioner and accompanying custodial change.").

in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap."[4] Additionally, "as part of its inherent power to administer its docket, a district court may dismiss a suit that is duplicative of another federal court suit."[5] Therefore, the Court dismisses this case without prejudice.

**SO ORDERED**.

**SIGNED** and **ENTERED** on July 31, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

[4] *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999).

[5] *Duru v. U-Haul Co. of N. Georgia*, No. 3:15-cv-436, 2015 WL 12743761, at *1 (N.D. Tex. Feb. 13, 2015) (quoting *Houston v. Caruso*, No. 2:08-cv-124, 2009 WL 579411, at *2 (W.D. Mich. Mar. 5, 2009)); *see also Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) ("The court here held that it is 'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff. We agree."); *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) ("[Plaintiffs] ha[ve] no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." (citing *United States v. Haytian Republic*, 154 U.S. 118, 123–24 (1894))).